FILED

JUL 1 6 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN GREG LEWIS,<br><br>    Defendant. | No. C 12-1404 LHK (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff, proceeding *pro se*, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against Greg Lewis, the Warden of Pelican Bay State Prison ("PBSP"). Plaintiff's motion for leave to proceed in forma pauperis is granted in a separate order. For the reasons stated below, Plaintiff's complaint is DISMISSED.

## DISCUSSION

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

Order of Dismissal
G:\PRO-SE\SJ.LHK\CR.12\Smith404ftsc.wpd

*Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Legal Claims</u>

Plaintiff claims that PBSP is denying him rehabilitative services and programs. Plaintiff alleges that he needs these services and programs so that he can re-enter the community. According to the complaint, PBSP is also denying Plaintiff access to family and moral supporters who want to participate and assist in Plaintiff's rehabilitation.

There is no constitutional right to education or rehabilitation in prison. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (deprivation of rehabilitation and educational programs does not violate Eighth Amendment); *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992) ("Prisoners have no constitutional right to educational or vocational opportunities during incarceration."); *Beck v. Lynaugh*, 842 F.2d 757, 762 (5th Cir. 1988) ("[A] state has no constitutional obligation to provide basic educational or vocational training to prisoners."); *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (no right to vocational course for rehabilitation); *Baumann v. Arizona Dept. of Corrections*, 754 F.2d 841, 846 (9th Cir. 1985) (general limitation of jobs and educational opportunities is not considered punishment); *Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982) ("there is no constitutional right to rehabilitation"); *Newman v. Alabama*, 559 F.2d 283, 291 (5th Cir. 1977) (state has no obligation to provide prisoners with educational programs).

The complaint therefore must be dismissed for failure to state a claim. Because no amendment could change the fact that there is no constitutional right to rehabilitation in prison, the dismissal will be without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127, 1129 (9th Cir. 2000) (en banc) (district courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints, unless no amendment could save the complaint).

1     The Clerk shall terminate all pending motions and close the file.

2     IT IS SO ORDERED.

3     DATED: 7/16/12

    *Lucy H. Koh*

4     LUCY H. KOH
    United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANDRE SMITH,

        Plaintiff,

v.

WARDEN GREG LEWIS et al,

        Defendant.

Case Number: CV12-01404 LHK

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 16, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Andre Smith T16447
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95531

Dated: July 16, 2012

                                            Richard W. Wieking, Clerk
                                            /s/ By: Elizabeth Garcia, Deputy Clerk